Helena L. Hall, Esq.
Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska  99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON BRESSER,<br><br>                        Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION, a foreign corporation organized under the laws of Texas, a/k/a SCHLUMBERGER LIMITED,<br><br>                        Defendant. | Case No. A05-0246 CV |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant answers plaintiff's First Amended Complaint as follows, in paragraphs numbered to correspond to the paragraph numbers in said First Amended Complaint.  Any allegation not specifically admitted is denied.

**Part A.  General Allegations Applicable to Each Claim for Relief.**

1.      Defendant lacks sufficient information and belief to admit or deny the allegations made in paragraph 1, and therefore denies them at this time.

2.      Defendant admits that defendant Schlumberger Technology

Corporation is a foreign corporation organized under the laws of the State of Texas, with its principal offices located at 300 Schlumberger Drive, Sugar Land, Texas, 77478 and that it is authorized to do business in the State of Alaska. Defendant denies that it is also known as "Schlumberger Limited." Schlumberger Limited is a corporation that is separate and distinct from defendant. Schlumberger Limited does not do business in Alaska. Defendant is not representing Schlumberger Limited in this action and to the best of defendant's knowledge Schlumberger Limited has not been served nor is it a party to this litigation. Defendant denies the remaining allegations contained in paragraph 2.

3.     Defendant admits that it conducts business for many customers in North America, and that in Alaska, it provides services to the oil industry, including the testing and maintenance of oil drilling and other industry equipment. Defendant denies the remaining allegations contained in paragraph 3.

4.     Defendant admits that it has employed defendant at times between January 8, 1996 and July 2001. Defendant also admits that plaintiff was retained by defendant as an independent contractor in April 2002. Defendant denies the remaining allegations contained in paragraph 4.

**Part B.  First Claim for Relief (Wrongful Termination; Breach of the Covenant of Good Faith and Fair Dealing).**

5.     Defendant realleges and incorporates by reference its answers and responses to the allegations in paragraphs 1 through 4.

6.     Defendant admits that on July 8, 2005 it ended its contractual relationship with plaintiff. Defendant denies the remaining allegations contained in paragraph 8.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant lacks sufficient information and belief to admit or deny the allegations made in paragraph 9, and therefore denies them at this time.

10. Defendant denies the allegations contained in paragraph 10.

**Part C.  Second Claim for Relief:  Defamation.**

11. Defendant realleges and incorporates by reference its answers and responses to the allegations in paragraphs 1 through 10.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

**Part D.  Third Claim for Relief:  Breach of Contract as to Wages and Benefits.**

14. Defendant realleges and incorporates by reference its answers and responses to the allegations in paragraphs 1 through 13.

15. Defendant admits that plaintiff was retained by defendant as an independent contractor, who provided services to defendant in April 2002. Defendant denies the remaining allegations contained in paragraph 15.

16. Defendant admits that plaintiff used defendant's equipment, at least at times, and denies the remaining allegations contained in paragraph 16.

16. Defendant denies the allegations contained in paragraph 16.[1]

---

[1] Plaintiff's First Amended Complaint includes two paragraphs numbered 16. Accordingly, defendant's Answer to First Amended Complaint also contains two paragraphs numbered 16.

17. Defendant admits that, at plaintiff's request, it contracted with plaintiff to provide services as an independent contractor, and as an independent contractor, plaintiff was not entitled to benefits and was taxed as an independent contractor. Defendant denies the remaining allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

**Part E.  Violation of Law and Public Policy.**

19. Defendant realleges and incorporates by reference its answers and responses to the allegations in paragraphs 1 through 18.

20. Defendant denies the allegations contained in paragraph 20.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims for damages are barred by his failure to exhaust administrative and contractual remedies.

3. Plaintiff's public policy claim is barred because it is based upon statutes that provide a comprehensive remedial scheme.

4. Plaintiff's claims for damages are barred, or reduced, by his failure to mitigate his damages.

5. Plaintiff's defamation claim is barred by the defense of truth.

6. Plaintiff's defamation claim is barred by the defense of conditional privilege.

7. Plaintiff's defamation claims are barred because plaintiff has incurred no special damages.

8. Plaintiff's defamation claim is barred because there was no

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER - 4 -                    [33454-0002-000000/AA053620.017]

publication.

9. Plaintiff's claims are barred because he was an independent contractor and not employed by defendant.

10. Plaintiff's claims are barred because his contract with defendant was "at-will."

11. Plaintiff's claims are barred because defendant did not terminate plaintiff to deprive him of a benefit of his contract or in violation of public policy.

12. Plaintiff has failed to exhaust his administrative remedies under any of the benefit plans offered by defendant.

13. Plaintiff's claims may be barred, in whole or in part, by res judicata, collateral estoppel, and/or judicial estoppel.

14. Plaintiff's claims are barred by failure to name any of the benefit plans offered by defendant as the proper defendant.

15. Plaintiff has failed to satisfy all conditions precedent and conditions subsequent to receive benefits under any of the benefit plans offered by defendant, and/or plaintiff's claims are barred by one or more exclusions included in the benefit plans offered by defendant.

16. In making any benefits determination under any of the benefit plans offered by defendant, the plans' administrators have the discretionary authority to determine plaintiff's eligibility for benefits and to construe the terms of the plan. The plans administrators did not abuse their discretion in denying benefits to plaintiff, and/or plaintiff failed to provide the plans administrators with information that he is qualified for benefits under the relevant plans.

17. If plaintiff is asserting any claims, or is seeking any remedies,

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER    - 5 -    [33454-0002-000000/AA053620.017]

beyond those provided for under ERISA, such claims or requested remedies are preempted by ERISA.

18. Plaintiff's claims may be barred, in whole or in part, by setoff and/or recoupment.

19. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

20. All other defenses discovered during litigation of the claims asserted herein.

Having fully answered the First Amended Complaint, defendant requests that the Court enter judgment in its favor; dismiss the First Amended Complaint; award defendant its taxable fees and costs; award defendant reasonable expenses, including attorneys' fees; and award such further relief as the Court deems just and proper.

DATED at Anchorage, Alaska, this ____ day of _____, 2005.

**PERKINS COIE LLP**
Attorneys for Defendant

By s/Helena L. Hall
    Helena L. Hall
    Alaska Bar No. 9705015

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER - 6 - [33454-0002-000000/AA053620.017]

I hereby certify that on January 4, 2006, a copy of foregoing Answer to Plaintiff's First Amended Complaint was served electronically on Joe P. Josephson, Josephson & Associates, P.C., Attorneys at Law

s/ Helena L. Hall

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ANSWER - 7 - [33454-0002-000000/AA053620.017]