Helena L. Hall, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON BRESSER,<br><br>    Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>    Defendant. | Case No. 3:05-cv-246-TMB |

## SCHEDULING AND PLANNING CONFERENCE REPORT

1. **Meeting.** In accordance with F.R.Civ.P. 26(f), a meeting was held on

February 27, 2006 and was attended by:

 Joe P. Josephson    Attorney for plaintiff Jason Bresser
 Josephson & Associates, PC
 Attorneys at Law
 912 West Sixth Avenue
 Anchorage, Alaska 99501

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

SCHEDULING AND PLANNING
CONFERENCE REPORT  - 1 -  [33454-0002-000000/AA060520.004]

        Helena L. Hall        Attorney for defendant Schlumberger
        Perkins Coie             Technology Corporation
        Suite 300
        1029 W. Third Avenue
        Anchorage, Alaska 99501

The parties recommend the following:

2.    **Pre-Discovery Disclosures.** The information required by F.R.Civ.P.26 (a) (1):

   ☐ has been exchanged by the parties

   ☒ will be exchanged by the parties by March 15, 2006.

   Proposed changes to disclosure requirements:

   Preliminary witness lists:

   ☐ have been exchanged by the parties

   ☒ will be exchanged by the parties by March 30, 2006.

3.    **Contested Issues of Fact and Law.** Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

> *Defendant's list of contested issues of fact and law:*
>
> *(1) whether plaintiff was terminated in violation of the covenant of good faith and fair dealing; (2) whether plaintiff was terminated for engaging in a legally protected activity; (3) whether plaintiff's termination violated defendant's policies and procedures; (4) whether any false and defamatory statements were communicated to third-parties regarding plaintiff by defendant; (5) whether any of the alleged defamatory statements were a*

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

SCHEDULING AND PLANNING
CONFERENCE REPORT        - 2 -        [33454-0002-000000/AA060520.004]

*defamation per se; (6) whether plaintiff has incurred any special damages as a result of the alleged defamatory statements; (7) whether plaintiff was inaccurately treated as an independent contractor rather than as an employee and whether this resulted in any damage to plaintiff; (8) whether plaintiff's claim that he was inaccurately characterized as a contractor is preempted by ERISA; (9) whether plaintiff suffered any harm as a result of his treatment as an independent contractor rather than an employee; (10) whether plaintiff's claim for violation of law and public policy asserts a legally cognizable claim; (11) whether plaintiff has exhausted his administrative and contractual remedies; (12) whether plaintiff's public policy claim is barred because it is based upon a statute that provides a comprehensive remedial scheme; (13) whether plaintiff's claims are barred or reduced by his failure to mitigate his damages; (14) whether plaintiff's claims are barred by the defense of truth; (15) whether plaintiff's defamation claim is barred by the defense of conditional privilege; (16) whether plaintiff's claims are barred because his contract with defendant was "at-will"; (17) whether plaintiff's claims are barred because defendant did not terminate plaintiff to deprive him of the benefits of his contract or in violation of public policy; (18) whether plaintiff's claims are barred by his failure to exhaust his administrative remedies under any of the benefit plans offered by defendant; (19) whether plaintiff's claims are barred, in whole*

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

SCHEDULING AND PLANNING
CONFERENCE REPORT                - 3 -                [33454-0002-000000/AA060520.004]

*or in part, by res judicata collateral estoppel and/or judicial estoppel; (20) whether plaintiff's claims are barred by failure to name any of the benefit plans offered by defendant as the proper defendant; (21) whether plaintiff has failed to satisfy all conditions prescedent and conditions subsequent to receive benefits under any of the benefit plans offered by defendant and/or plaintiff's claims are barred by one or more exclusions included in the benefit plans offered by defendant; and (22) whether plaintiff's claims are barred in whole or in part the applicable statute of limitations.*

4.  **Discovery Plan.**  The parties jointly propose to the court the following discovery plan.

    A.  Discovery will be needed on the following issues:  <u>Same issues as in section 3.</u>

    B.  All discovery commenced in time to be completed by:  October 30, 2006.

    C.  Limitations on Discovery.

        1.  Interrogatories

        ☒   No change from F.R.Civ.P. 33(a)

        ☐   Maximum of _____ by each party to any other party.

        Responses due in _____ days.

        2.  Requests for Admissions.

        ☒   No change from F.R.Civ.P. 36(a).

        ☐   Maximum of _____ requests.

        Responses due in _____ days.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

SCHEDULING AND PLANNING
CONFERENCE REPORT            - 4 -            [33454-0002-000000/AA060520.004]

      3.     Depositions.

☒ No change from F.R.Civ.P. 36(a), (d).

☐ Maximum of _____ depositions by each party.

Depositions not to exceed_____ hours unless agreed to by all parties.

D. Reports from retained experts.

☐ Not later than 90 days before the close of discovery subject to F.R.Civ.P 26(a)(2)(C).

☒ Reports due:

From plaintiff 120 days before close of discovery

From defendant 90 days before close of discovery

E. Supplementation of disclosures and discovery responses are to be made:

☐ Periodically at 60-day intervals from the entry of scheduling and planning order.

☒ As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

☒ 45 days prior to the close of discovery.

☐ Not later than _____.

5. **Pretrial Motions.**

☒ No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

☐ Motions to amend pleadings or add parties to be filed not later than _____.

☐ Motions under the discovery rules must be filed not later than _____.

☐ Motions in limine and dispositive motions must be filed not later than _____.

6. **Other Provisions:**

   A.  ☒  The parties do not request a conference with the court before the entry of the scheduling order.

       ☐  The parties request a scheduling conference with the court on the following issue(s): _____

   B.  Alternative Dispute Resolution. [D.Ak. LR 16.2]

       ☐  This matter is not considered a candidate for court-annexed alternative dispute resolution.

       ☒  The parties will file a request for alternative dispute resolution not later than 120 days before trial.

           ☒ Mediation      ☐ Early Neutral Evaluation.

   C.  The parties  ☐ do ☒ not consent to trial before a magistrate judge.

   D.  Compliance with the disclosure requirements of F.R.Civ.P. 7.1

       ☒  Defendant has complied and plaintiff is not required to comply

       ☐  Compliance not required by any party

7. **Trial.**

   A.  The matter will be ready for trial:

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

    ☒  45 days after the discovery close date.

    ☐  not later than _____.

B. This matter is expected to take seven days to try.

C. Jury Demanded ☐ Yes ☒ No

Right to jury trial disputed? ☒ Yes ☐ No

**JOSEPHSON & ASSOCIATES ATTORNEYS AT LAW**
Attorneys for Plaintiff
Jason Bresser

Dated: _____ By: s/ Joe P. Josephson
            Joe P. Josephson
            Alaska Bar No. 9111103

**PERKINS COIE**
Attorneys for Defendant
Schlumberger Technology Corporation

Dated: _____ By s/Helena L. Hall
            Helena L. Hall
            Alaska Bar No. 9705015

I hereby certify that on February 28, 2006, a copy of foregoing Scheduling and Planning Conference Report was served electronically on Joe P. Josephson, Josephson & Associates, P.C., Attorneys at Law

s/ Helena L. Hall

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

SCHEDULING AND PLANNING
CONFERENCE REPORT - 7 - [33454-0002-000000/AA060520.004]