Helena L. Hall, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON BRESSER,<br><br>        Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>        Defendant. | Case No. 3:05-cv-246-TMB |

**PARTIES' JOINT STATUS REPORT**

Pursuant to the Court's May 9, 2006 Order, the following is the parties' report regarding the status of this case.

    A.    Nature of the Case

          1.    The lead attorneys on the case;

                Plaintiff:    Joe P. Josephson

                Defendant:    Helena L. Hall

          2.    Basis for federal jurisdiction: 29 U.S.C. § 1331 and 29 U.S.C. § 1332.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

3. Nature of the claims asserted in the complaint and any counterclaims: Wrongful termination, defamation, breach of contract, and violation of public policy,

4. Name of any party that has not been served and the nature of the non-service: None known at this time.

5. Principal legal issues: (1) whether plaintiff was terminated in violation of the covenant of good faith and fair dealing; (2) whether plaintiff was terminated for engaging in a legally protected activity; (3) whether plaintiff's termination violated defendant's policies and procedures or any employment contract; (4) whether any false and defamatory statements were communicated to third-parties regarding plaintiff by defendant; (5) whether any of the alleged defamatory statements were a defamation per se; (6) whether plaintiff has incurred any special damages as a result of the alleged defamatory statements; (7) whether plaintiff's claim that he was inaccurately characterized as a contractor is preempted by ERISA; (8) whether plaintiff's claim for violation of law and public policy asserts a legally cognizable claim; (9) whether plaintiff has exhausted his administrative and contractual remedies; (10) whether plaintiff's public policy claim is barred because it is based upon a statute that provides a comprehensive remedial scheme; (11) whether plaintiff's claims are barred or reduced by his failure to mitigate his damages; (12) whether plaintiff's claims are barred by the defense of truth; (13) whether plaintiff's defamation claim is barred by the defense of conditional privilege; (14) whether plaintiff's claims are barred because his contract with defendant was "at-will"; (15) whether plaintiff's claims are barred by his failure to exhaust his administrative remedies under any of the benefit plans

offered by defendant; (16) whether plaintiff's claims are barred, in whole or in part, by res judicata collateral estoppel and/or judicial estoppel; (17) whether plaintiff's claims are barred by failure to name any of the benefit plans offered by defendant as the proper defendant; (18) whether plaintiff has failed to satisfy all conditions precedent and conditions subsequent to receive benefits under any of the benefit plans offered by defendant and/or plaintiff's claims are barred by one or more exclusions included in the benefit plans offered by defendant; and (19) whether plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations

      6.    Principal factual issues: (1) the factual basis for or reason for plaintiff's termination; (2) defendant's motive for terminating plaintiff; (3) whether defendant has published any defamatory statements about plaintiff; (4) what statements defendant has made about plaintiff and who they were made to; (5) the terms of any employment agreement or contract between plaintiff and defendant; (6) whether defendant violated the terms of any agreement or contract with plaintiff; (7) the terms and conditions of plaintiff's employment with defendant; (8) whether plaintiff suffered any harm as a result of his treatment as an independent contractor rather than an employee; (9) whether plaintiff has exhausted his administrative and contractual remedies; (10) whether plaintiff has mitigated his damages; and (11) any damages plaintiff has sustained.

   B.    Discovery

      1.    Brief description of completed discovery and any remaining discovery: Only initial disclosures have been completed. All other discovery is remaining.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

2.  Brief description of any pending motions and anticipated motions: No motions are currently pending. Defendant anticipates filing a motion for summary judgment if the facts developed during discovery so warrant.

3.  Brief description of any previously entered rulings on substantive issues: The court previously ordered plaintiff to provide more definite statement under Federal Rule of Civil Procedure 12(e).

4.  Any previously filed status reports: The parties filed the Parties' Scheduling and Planning Conference Report on February 28, 2006; and the court issued a Scheduling and Planning Order on March 16, 2006

C.  Trial

1.  If trial is anticipated, how long the trial will take and whether a jury is requested: Trial is estimated to take seven days. Right to a jury trial is disputed.

D.  Settlement

1.  Status of any settlement discussions and whether the parties request a settlement conference: The parties have agreed to explore mediation. The parties have not and do not request a settlement conference at this time.

**JOSEPHSON & ASSOCIATES
ATTORNEYS AT LAW**
Attorneys for Plaintiff
Jason Bresser

Dated:_____

By: s/ Joe P. Josephson
    Joe P. Josephson
    Alaska Bar No. 9111103

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

PARTIES' JOINT STATUS REPORT    - 4 -    [33454-0002/AA061390.003]

**PERKINS COIE**
Attorneys for Defendant
Schlumberger Technology Corporation

Dated:_____

By  s/Helena L. Hall
    Helena L. Hall
    Alaska Bar No. 9705015

I hereby certify that on _____,
2006, a copy of foregoing Parties' Joint
Status Report was served electronically
on Joe P. Josephson, Josephson &
Associates, P.C., Attorneys at Law

s/ Helena L. Hall