Helena Hall, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska  99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Schlumberger Technology Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| JASON BRESSER,<br><br>     Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>     Defendant. | Case No. 3:05-CV-246-TMB |

**MOTION TO DISMISS CLAIMS FOR EMPLOYEE BENEFITS**

  Defendant Schlumberger Technology Corporation ("Schlumberger") hereby moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment under Federal Rule of Civil Procedure 56, plaintiff Jason Bresser's claims for employment benefits.

  Jason Bresser's First Amended Complaint sets forth two counts which include allegations that Schlumberger wrongfully denied him benefits. Specifically, he asserts a breach of contract claim in which he alleges he was wrongfully denied "employee benefits" because he was paid as an independent

contractor. (Ex. 1, First Amended Complaint at ¶¶ 16-17.) He also asserts a violation of law and public policy claim in which he claims that Schlumberger violated unidentified state and federal laws and regulations "governing . . . benefits." (*Id.* at ¶ 20.)

To the extent each of these counts assert claims that Mr. Bresser was wrongfully denied benefits because he was treated as an independent contractor who was ineligible for benefits, the claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. (ERISA) and accordingly, any such claims must be pursued under the Act's civil enforcement provision, section 502(a). The Act requires plaintiffs to exhaust administrative remedies before filing suit. There is no dispute that Bresser has not satisfied ERISA's threshold exhaustion requirements. Accordingly, to the extent his breach of contract and violation of law and public policy claims allege denial of employee benefits, these claims should be dismissed.

## I.   STATEMENT OF FACTS

Jason Bresser worked for Schlumberger as an independent contractor from the end of 2001 until July 2005. (Ex. 1, First Amended Complaint at ¶¶ 6 and 15.) During this time period, Mr. Bresser, as an independent contractor, was not eligible for employee benefits such as health care or participation in Schlumberger's 401(K) retirement plan. (*Id*. at ¶ 17; Ex. 2, Responses to Defendants First Discovery Requests at p. 13 and document number 405.) Independent contractors were not eligible for participation under the terms of the various plans Schlumberger offered to its employees because the plans require regular employee status for participation or refer to dates of hire for eligibility

calculations. (See Affidavit of Kirk Trujillo, at Aff. Ex. A. at STC 0456, 0464, 0475, 0497, 0499, 0519, 0522; Aff. Ex. B at pp. 6 and 11; Aff. Ex. C at p. 11; Aff. Ex. D. at p. 7; Aff. Ex. E. at p. 20; Ex. F at pp. 5, 15.) The description of these benefit plans clearly states that the plans are ERISA plans. (*Id*. at Aff. Ex. A at STC 0536-37; Aff. Ex. B. at pp. 2, 6, 37-38; Aff. Ex. C. at pp. 1-2, 23; Aff. Ex. D. at pp. 1-2, 5, 27-29; Aff. Ex. E. at pp. 2, 5, 8, 12; Ex. F at pp. 9, 14.)

The description of the plans also sets out an administrative process for resolution of benefits issues including the denial of coverage. (*Id*. at Aff. Ex. A. at STC 0533-35; Aff. Ex. B. at pp. 37-38; Aff. Ex. C. at p. 23; Aff Ex. D. at pp. 27-29; Aff. Ex. E. at p. 21; Ex. F at p. 15.) Mr. Bresser has never claimed that he pursued any administrate remedies under the term of the plan and he conceded at his deposition that he did not file any type of administrative complaint with any of Schlumberger's benefit plans before filing this suit. (Ex. 3, Bresser Dep. at pp. 50, 124.)

## II.     ARGUMENT

Mr. Bresser's state law claims for benefits are preempted by ERISA, as eligibility determinations for employee plans are "related to" benefits. Furthermore, Mr. Bresser cannot bring these ERISA claims because he failed to exhaust his administrative remedies as required to bring a claim under the Act. Thus, his breach of contract and violation of public policy claims seeking benefits should be dismissed. Upon dismissal, Mr. Bresser would be free to pursue the claims under the administrative procedure set forth in Schlumberger's benefit plans.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

### A. Mr. Bresser's claims for benefits "relate to" benefits provided under an ERISA plan and are preempted by ERISA.

#### 1. ERISA expressly preempts state law claims.

ERISA expressly preempts state law claims that "relate to" benefit plans. Specifically, Congress provided that ERISA's enforcement provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. §1144(a). "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. §1144(c)(1).

Congress crafted this deliberately expansive preemption in order to render the regulation of employee benefit plans exclusively a federal concern and to promote creation of benefit plans. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137-39, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (employee wrongful discharge claim alleging termination was effort to avoid paying pension). ERISA's preemption provision is designed to allow plan administrators to administer benefit plans on a uniform basis under federal law, free form inconsistent obligations from state to state. *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 148, 1215 S.Ct 1322, 1328, 149 L.Ed.2d 264 (2001). "Uniformity is impossible . . . if plans are subject to different legal obligations in different States." *Id*.

The central phrase in Section 514, "relate to," is given broad, common sense meaning, such that a state law 'relates to' an employee benefit plan if it has a connection with or reference to such a plan. *Ingersoll-Rand*, 498 U.S. at 139.

A state law claim encroaches on ERISA relationships where it seeks to

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

mandate employee benefit structures or their administration; bind employer or plan administrators to particular choices; preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself; or **provide an alternate enforcement mechanism for employees to obtain ERISA plan benefits**. *See Arizona State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 723 (9th Cir. 1997) (describing the three state law areas that the Supreme Court had held ERISA was intended to preempt) (emphasis added). This preemption provision has been recognized by the Supreme Court of Alaska. *Andrews v. Alaska Operating Engineers-Employers Training Trust Fund*, 871 P.2d 1142, 1145 (Alaska 1994), *cert. denied* 513 U.S. 874 (1994) (explaining that where some interpretation of ERISA may be required, a claim is sufficiently related to a benefit plan for ERISA preemption).

Thus, a plaintiff cannot avoid ERISA preemption just by pleading only state law claims. The courts must look at claims for benefits to see if they "relate to" a plan or seek "to obtain ERISA plan benefits." *See Arizona State Carpenters Pension Trust Fund*, 125 F.3d at 722-723; *Ingersol-Rand*, 498 U.S. at 139.

### 2. Claims regarding eligibility for benefits are preempted by ERISA.

Mr. Bresser's claims for benefits—claims by a plaintiff who was treated as an independent contractor and who brings suit asserting that despite his title of independent contractor he really should have been considered an eligible employee under a benefit plan—is just the type of state law claims that courts routinely find "relate to" benefit plans.

Claims asserting eligibility for benefits have been uniformly recognized

as "relating to" benefit plans, and therefore preempted by ERISA. ERISA case law has developed a test for evaluation of claims, such as Mr. Bresser's, and ERISA itself provides Federal District Courts with jurisdictions over these claims. 28 U.S.C. §1331; 29 U.S.C. §1132(e)(1).

Mr. Bresser's claim for benefits hinges on whether, regardless of the fact he was called an independent contract, he actually qualifies as an "employee" for purposes of plan participation. In order to be eligible for participation in an ERISA plan, an individual must qualify as an employee for the purposes of the plan. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1340 (11th Cir. 2000). Plans are entitled to use their own definitions to the term "employee." *Hensley v. Northwest Permanente P.C. Retirement Plan & Trust*, 258 F.3d 986 (9th Cir. 2001), *cert. denied*, 534 U.S. 1082 (2002), *overruled on other grounds, Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006); *Jaeger v. Matrix Essentials, Inc.*, 236 F.Supp.2d 815, 822 (N.D. Ohio 2002), *citing, Wolf*, 200 F.3d at 1340 ("The plaintiff is required to be eligible under the terms of the plan itself, because companies are not required by ERISA to make their ERISA plans available to all common law employees.")

In cases applying this test, courts have made clear that determinations as to who qualifies as an "employee" for purposes of benefit plan language are ERISA claims. *E.g., Hensley*, 258 F.3d at 991 (health maintenance organization employees alleged they were eligible employees for participation in benefit plan); *Barnhart v. New York Life Insurance Co.*, 141 F.3d 1310, 1313 (9th Cir. 1998) (concluding that individual was an independent contractor and "not an employee of New York Life for purposes of ERISA"); *Bauer v. Summit Bancorp*, 325 F.3d

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

155 (3rd Cir. 2003) (rejecting hourly employee's claim that he was excluded from pension plan in violation of ERISA); *Jaeger v. Matrix Essentials Inc.*, 236 F.Supp.2d 815 (N.D. Ohio 2002) (graphic design artist not entitled to benefits based on finding that he was an independent contractor).

In these cases, courts have required that plaintiffs must prove that they are common law employees and that they are entitled to receive benefits under the terms of the plan. *Wolf*, 200 F.3d at 1340 (describing the two requirements ERISA imposes for participant status). Determinations as to whether an individual is an independent contractor or an eligible employee for purposes of both prongs of the test are governed by ERISA. *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (interpreting "employee" as used by ERISA as being a common law employee and requiring employers to define eligible participants in their ERISA employee plans).

For example, in *Barnhart v. New York Life Insurance Co.*, the Ninth Circuit addressed whether a plaintiff qualified as an "employee" for purposes of bringing an ERISA claim for wrongful denial of benefits. 141 F.3d 1310 (9th Cir. 1998). The court concluded that the *Barnhart* plaintiff's ERISA claim failed because "[c]onsidering all factors as a whole . . . the balance tips in favor of independent contractor status." *Id.* at 1313.

Recently, the preemption of state law claims by an independent contractor by ERISA was directly addressed by a California district court in *Curry v. CTB McGraw Hill, LLC*, 2006 WL 228951 (N.D.Cal.) (not reported). There, plaintiffs were independent contractors who alleged breach of contract for failure to provide employee benefits. *Id.* at *5. The district court recognized that this breach of

1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO DISMISS                       - 7 -                       [33454-0002/AA062200.003]

contract claim was "clearly predicated upon Defendants' failure to provide benefits under ERISA plans" and was therefore preempted by ERISA. *Id.* at * 7.

The Supreme Court of Alaska discussed ERISA's preemption provision in *Andrews v. Alaska Operating Engineers-Employers Training Trust Fund*, 871 P.2d 1142 (Alaska 1994), *cert. denied* 513 U.S. 874 (1994). There, the court held that a wrongful discharge action under various state law contract and tort theories was preempted by ERISA, because "the existence of a pension plan was a critical factor in establishing the employer's liability under the state wrongful discharge law." *Id.* at 1144 (internal quotations omitted). The court also found support for preemption in ERISA's provision of a remedy for the plaintiff's claim. *Id.* at 1146. There, the ERISA remedy in Andrews was a provision on whistleblower protection. *Id., citing* 29 U.S.C. §1140 (1988). Similarly, Mr. Bresser's claims for benefits hinge on the existence of a benefit pan and ERISA provides a remedy for wrongful exclusions from benefit plans. *See* ERISA §502(a)(1)(b), 29 U.S.C. §1132(a)(1)(B) *as amended by* PL 109-280 (2006).

In support of his breach of contract claim, Mr. Bresser alleges:

> In the course, after his return, of providing personal services to the defendant, plaintiff was under the supervision and control of managers and supervisors in the defendant's chain of command, used the defendant's equipment, and was managed and supervised even as to the details of the work. The nature of the work, and the supervision structure of the chain-of-command, were identical to what they had been previously when plaintiff was employed by defendant.

(Ex. 1, First Amended Complaint, at ¶ 16.) Mr. Bresser clearly is alleging that he functioned as an employee, and thus should have received the benefits of an

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO DISMISS               - 8 -               [33454-0002/AA062200.003]

employee. (*Id.* at ¶ 18.) Similarly, in support of his violation of public policy claim, Bresser argues that Schlumberger violated various unidentified federal and state statutes by treating him as a contractor and thereby denying him benefits. (*Id*. at ¶ 20.) At his deposition, Bresser explained that he is claiming that the "benefits" he was denied were medical and dental insurance and participation in Schlumberger's 401(k) and pension plans. (Ex. 3, Bresser Dep. at 50.) Each of these claims on its face requires the court to look at whether Mr. Bresser, in fact, would qualify as a common law employee under ERISA and whether Mr. Bresser would have qualified as an eligible participant under Schlumberger's benefit plans. Thus, Mr. Bresser's claims for benefits fall squarely within the scope of claims, which have been recognized as "relating to" benefits for purposes of ERISA's express preemption.

**B.    Mr. Bresser is precluded from bringing an ERISA claim for benefits because he has not exhausted the administrative remedies available under the plan.**

Any claim Mr. Bresser has for benefits he believes he was wrongfully denied must be brought under ERISA and must conform to the Act's requirements. Because Mr. Bresser has not made any attempt to pursue administrative remedies, his claim is precluded by the Act's exhaustion requirements and should be dismissed.

ERISA provides a cause of action for claimants seeking benefits or enforcing or clarifying rights to benefits under the terms of a plan. *See* ERISA §502(a)(1)(b), 29 U.S.C. §1132(a)(1)(B) *as amended by* PL 109-280 (2006). This cause of action requires exhaustion of a plan's claim and review procedures before

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

the filing of a judicial claim. ERISA §503, 29 U.S.C. §1133 (setting out mandatory claims procedure for denial of benefits); *see also Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825, 826 (1st Cir. 1988), *cert. denied*, 488 U.S. 909 (1988) (exhaustion required where claim based on terms of plan); *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980) (claim of denial of rights under plan requires exhaustion); *Diaz v. United Agr. Employee Welfare Ben. Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995) ("[A] claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.").

Mr. Bresser has not pursued any administrative remedies. (Ex. 3, Bresser Dep. at p. 50.) Thus, he has not exhausted his administrative remedies and, until he does, he may not bring a claim under ERISA in this court. *See Amato*, 618 F.2d at 567 ("[W]e conclude from both the legislative history and the test of ERISA that Congress did intend to grant such authority to the courts, and that sound policy requires the application of the exhaustion doctrine in suits under the Act."); *Jaeger*, 236 F.Supp.2d at 823-24. Accordingly, Mr. Bresser's claims should be dismissed.

### III.   CONCLUSION

Mr. Bresser is required to bring any claim related to his assertions that he was eligible for benefits under ERISA. Precedent clearly holds that plaintiffs, such as Mr. Bresser, cannot avoid ERISA's exhaustion requirements by characterizing their claims as breach of contract or other state law claims. Mr. Bresser, by his own admission, does not satisfy the threshold exhaustion requirements to bring a benefits claim. For this reason, Schlumberger respectfully

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO DISMISS - 10 -   [33454-0002/AA062200.003]

requests that to the extent Counts D and E of Mr. Bresser's First Amended Complaint assert that he was wrongfully denied benefits, the claims be dismissed.

DATED at Anchorage, Alaska, this ____ day of _____, 2006.

**PERKINS COIE LLP**
Attorneys for Defendant


By s/Helena L. Hall
    Helena L. Hall
    Alaska Bar No. 9705015
    1029 West Third Ave., Suite 300
    Anchorage, Alaska  99501
    907/279-8561/907-276-3108 (fax)
    hhall@perkinscoie.com

I hereby certify that on September ____, 2006, a copy of foregoing Motion to Dismiss Claims for Employee Benefits was served electronically on Joe P. Josephson, Josephson & Associates, P.C., Attorneys at Law

s/ Helena L. Hall

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108