EXHIBIT 1

DEFENDANT'S MOTION TO DISMISS CLAIMS
FOR EMPLOYEE BENEFITS

(3:05-cv-246-TMB)

Joe P. Josephson, Esq.,
Josephson & Associates, PC
912 West Sixth Avenue
Anchorage, Alaska  99501
Alaska Bar No. 6102018
Attorney for Plaintiff
(907) 276-0151 [tel.]
(907) 276-0155 [facsimile]

RECEIVED
DEC 27 2005
PERKINS COIE
ANCHORAGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JASON BRESSER,                  )
                                )
        Plaintiff,              )
                                )
    v.                          )
                                )
SCHLUMBERGER TECHNOLOGY         )
CORPORATION,                    )
                                )
        Defendant.              )  Case No. A05-0246 CV
_____)

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, JASON BRESSER, by and through Joe P. Josephson, his attorney, alleges for his complaint against the defendant, SCHLUMBERGER TECHNOLOGY CORPORATION, as follows:

**Part A. General Allegations Applicable to Each Claim for Relief.**

1. Plaintiff is a resident and in habitant of the State of Alaska, and has been such at all times relevant to this action.

2. Defendant is a foreign corporation organized under the laws of Texas, with its principal offices located in Sugar Land, Texas. Defendant is authorized to do business in Alaska. Defendant is also known as 'SCHLUMBERGER LIMITED".

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

Exhibit 1
Page 1 of 8

3. Defendant conducts business for many customers all around the world. In Alaska, defendant provides services to the oil industry, including the testing and maintenance of oil drilling and other industry equipment.

4. Plaintiff was formerly employed by defendant in Alaska.

**Part B. First Claim for Relief (Wrongful Termination; Breach of the Covenant of Good Faith and Fair Dealing).**

5. Plaintiff re-alleges and incorporates in this, his First Claim for Relief, each and every allegation set forth in paragraphs 1, 2 and 3 of Part A, as if the same were expressly reiterated herein.

6. On or about July 14, 2005, defendant abruptly and wrongfully terminated plaintiff's employment.

7. In so doing, defendant acted arbitrarily, in bad faith, and contrary to fair dealing. Defendant thus violated the covenant of good faith and fair dealing which inures in every employer-employee relationship in Alaska.

8. Defendant's termination of plaintiff's employment followed, and resulted from, plaintiff's having brought problems of tool design and maintenance, and corporate waste, to the attention of defendant's managers.

9. In so doing, plaintiff did what he reasonably thought he was duty-bound to do, especially in view of a written commitment set out in a publication published and circulated by

First Amended Complaint, Case No. A05-0246 CV, p. 2

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

Exhibit 1
Page 2 of 8

defendant

> giving all our people absolute authority to stop any activity that may possibly threaten service or product quality, health, safety, or the environment

and, further

> encouraging a culture of openness and continuous improvement.

10. The defendant's wrongful termination has caused plaintiff, and continues to cause plaintiff, to sustain and suffer direct and indirect losses of income. The direct loss of income is the result of the absence of compensation from his work for defendant. The indirect loss of income is the result of the difficulty of locating other sources of income in commensurate positions, and damage to plaintiff's reputation, as a consequence of having been terminated.

WHEREFORE, on this, his First Claim for Relief, plaintiff seeks a money judgment that will fully compensate him for his loss of income, including past, present and future loss of income, and damage to his reputation, together with the recovery of costs and attorney fees and such other relief as to the United States District Court or jury may seem just and proper.

**Part C. Second Claim for Relief: Defamation.**

11. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in paragraphs 1

First Amended Complaint, Case No. A05-0246 CV, p. 3

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

Exhibit 1
Page 3 of 8

through 11 above, Parts A and B, as if the same were expressly reiterated herein.

12. In an effort to justify or explain its termination of the plaintiff's employment, the defendant, and its agents, officers, and employees, falsely asserted that plaintiff's peers had difficulty working with him. In making that assertion, the defendant, its agents, officers, and employees, acted maliciously, and in bad faith.

13. The statement that plaintiff has difficulty working with peers was intentionally calculated to harm plaintiff and his reputation, career, and income.

WHEREFORE, on this, his Second Claim for Relief, plaintiff prays for the recovery of a money judgment that will compensate plaintiff fully for the defamation described above, and for the recovery of costs and attorney fees plus such other, further or different relief which the United States District Court or jury may find just and proper.

**Part D.  Third Claim for Relief: Breach of Contract as to Wages and Benefits.**

14. Plaintiff re-alleges, and incorporates herein by reference, as if expressly reiterated herein, each and every allegation set forth above in paragraphs 1 through 13, Parts A, B and C.

First Amended Complaint, Case No. A05-0246 CV, p. 4

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)


Exhibit 1
Page 4 of 8

15. Defendant, by and through its agents, servants and employees, induced plaintiff, who had been previously employed, to return to providing personal services to it, starting at the end of 2001.

16. In the course, after his return, of providing personal services to the defendant, plaintiff was under the supervision and control of managers and supervisors in the defendant's chain of command, used the defendant's equipment, and was managed and supervised even as to the details of the work. The nature of the work, and the supervision structure of the chain-of-command, were identical to what they had been previously when plaintiff was employed by defendant.

16. Among the inducements were promises to pay wages to plaintiff, as an employee, which were to be calculated at a specific hourly wage, as well as promises to provide employee benefits.

17. But, after plaintiff reported to defendant's designated work site, and began to provide services required of him by defendant, defendant, through its agents, managers, and officers, informed plaintiff that he was "a contractor", and was thus not entitled to benefits, and that, furthermore, he was responsible for all tax obligations himself.

18. The defendant owes plaintiff the difference between

First Amended Complaint, Case No. A05-0246 CV, p. 5

Exhibit 1
Page 5 of 8

the wages and benefits promised to plaintiff, on the one hand, and the wages (lacking benefits, such as social security contributions, Medicare, and the employer's portion of the federal income tax liability related to plaintiff), actually paid between the date of his return at the end of 2001 and the date of his wrongful termination. In addition, defendant should be responsible for, and should pay, any statutory penalties related to its treatment of plaintiff as a contractor and not as an employee.

WHEREFORE, on this, his Third Claim for Relief, plaintiff prays for the recovery of such damages as the United States District Court may find proper and owing, together with any statutory penalties applicable, by reason of the defendant's failure to compensate plaintiff as an employee and its compensation of plaintiff as a "contractor". Further, plaintiff prays for the recovery of costs and attorney fees incurred in the prosecution of this, his Third Claim for Relief.

**Part E. Violation of Law and Public Policy.**

19.  Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth above in paragraphs 1 - 18, Parts A, B, C, and D.

20.  In treating plaintiff, for payroll purposes, as a "contractor" and not as an "employee", defendant acted contrary

First Amended Complaint, Case No. A05-0246 CV, p. 6\


Exhibit 1
Page 6 of 8

to federal and state statutes and regulations, governing wages, hours, taxes and benefits, and defendant breached public policy. Defendant is thus liable to plaintiff irrespective of whether or not it promised to re-engage plaintiff as an employee rather than as a contractor, as alleged in Part C of this Complaint.

Wherefore, on this, his Fourth Claim for Relief, plaintiff prays for the recovery of such damages as the United States District court may find proper and owing, together with any statutory penalties applicable, by reason of the defendant's failure to compensate plaintiff as an employee and its unilateral election, instead, to compensate plaintiff as a "contractor". Further, plaintiff seeks the recovery of his costs and attorney fees incurred in the prosecution of this, his Fourth Claim for Relief.

DATED at Anchorage, Alaska, this 22d day of December, 2005.

*[signature]*
Joe P. Josephson
Alaska Bar No. 6102018
Attorney for Plaintiff
912 West 6th Avenue
Anchorage, Alaska  99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
Attorney for Plaintiff

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

First Amended Complaint, Case No. A05-0246 CV, p. 7

Exhibit 1
Page 7 of 8

Certificate of Service:

On Dec. 22, 2005, I mailed a true copy of the foregoing first amended complaint to Helena C. Hall, Esq., c/o Perkins Coie, 1029 W. 3d Avenue, Suite 300 Anchorage, Alaska 99501-1981.

*[signature]*
Joe P. Josephson
Attorney for Plaintiff

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

First Amended Complaint, Case No. A05-0245 CV, p. 8

Exhibit 1
Page 8 of 8