Pleading 8
7/26

Helena L. Hall, Esq.
Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JASON BRESSER,

Plaintiff,

v.

SCHLUMBERGER TECHNOLOGY CORPORATION, a foreign corporation organized under the laws of Texas, a/k/a SCHLUMBERGER LIMITED,

Defendant.

Case No. A05-0246 CV

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS PROPOUNDED TO DEFENDANT**

COMES NOW, defendant Schlumberger Technology Corporation, by and through its attorneys, Perkins Coie, and responds to Plaintiff's First Discovery Requests Propounded to Defendant as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to the temporal scope of these Interrogatories and Requests for Production to the extent they seek information or documents prior to May

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108



Exhibit C
Page 1 of 8

[33454-0002/AA062060.005]

| | | | |
|---|---|---|---|
| | | | • Discounted stock purchase plan, health care plan (medical, dental, death, long-term disability and business travel accident insurance) |

**INTERROGATORY NO. 2:** Please state all written or verbal reprimands, warnings, suspensions, or other disciplinary measures given to plaintiff since his date of hire, and state the date and nature of offenses and supervisor involved.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that: it seeks information that is neither relevant to the issues in this action, nor reasonably calculated to lead to the discovery of admissible evidence; it is unduly burdensome; it is overbroad and not reasonably tailored to plaintiff's legitimate discovery needs; and it is duplicative and/or cumulative.

Without waiving these objections, defendant answers that copies of any documents responsive to this request have already been produced. These documents include emails from plaintiff's supervisors addressing various issues, including the amount of time plaintiff was spending away from the shop. In addition to the disciplinary actions recorded in the documents already produced, during plaintiff's time as an independent contractor with defendant, plaintiff's supervisor, Jeff Culbertson, repeatedly spoke with plaintiff (and other employees) about the need to tag everything that he worked on; this was the result of plaintiff's failure to properly tag the tools, etc. that he worked on. In late winter or early spring of 2005, Mr. Culbertson spoke with plaintiff about his failure to complete required documentation, including build sheets; this was the result of plaintiff not having completed a build sheet on a tool that failed.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108





Sometime after March 2005, Mr. Culbertson spoke with plaintiff about not lashing out at his supervisors and about speaking to them appropriately in the privacy of the office; this was the result of plaintiff loudly calling Mr. Culbertson a liar in the open shop. In July 2005, Mr. Culbertson verbally reprimanded plaintiff for spreading forks of a fork lift on the nuclear source box; this was the result of plaintiff, in Mr. Culbertson's presence, spreading the forks on the lid of the nuclear source box, which had recently been repaired.

**INTERROGATORY NO. 3:** Please state plaintiff's job history with the company and list each job, each job's duties, the location of each job, and the date of employment in each job.

**RESPONSE:** Plaintiff was hired by Schlumberger (Anadrill) on January 1, 1996, as a Shop Helper in the Anchorage shop. He worked in motor shop operations, and he worked on drilling equipment. On July 15, 1996, plaintiff was promoted to Mechanical Technician. During January 1997, the shop was moved from Anchorage to Prudhoe Bay (the North Slope). A copy of the Mechanical Technician job description is attached. He was then terminated from this position on April 29, 1999. He was rehired on April 1, 2000, as a Mechanical Technician in the Prudhoe Bay office. He was then terminated on July 12, 2001. In December 2001, defendant retained plaintiff as a contractor to provide services in the Prudhoe Bay shop. Defendant discontinued using his services on July 8, 2005.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108





Plaintiff's provision of services to defendant as an independent contractor ended in July 2005. Plaintiff was not terminated. Plaintiff made a call in the presence of Steve Laughlin and John Burton in which he informed the person on the other end of the line that he was interested in "the job," and that "he would be up there next week." Mr. Laughlin and Mr. Burton assumed that Mr. Bresser had accepted another job or contract position. Later, when plaintiff expressed confusion about his status, he was informed that he was not being asked back to the North Slope at that time. Steve Laughlin made the decision not to ask plaintiff back to work at that time and informed plaintiff of the decision. John Burton and Nate Rose participated in conversations with plaintiff and plaintiff's supervisors prior to the decision.

**INTERROGATORY NO. 9:** Identify all persons who approved or ratified the decision to terminate plaintiff.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is vague or ambiguous as to the meaning of "terminate;" it seeks information that is neither relevant to the issues in this action, nor reasonably calculated to lead to the discovery of admissible evidence; it is overbroad; and is not reasonably tailored to plaintiff's legitimate discovery needs.

Without waiving this objection, plaintiff was employed by defendant on two separate occasions and came to work for defendant as an independent contractor on a third occasion. Defendant assumes that this Interrogatory is not requesting information regarding plaintiff's termination from employment with defendant in March 2000 or

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108





third occasion. Defendant assumes that this Interrogatory is not requesting information regarding plaintiff's termination from employment with defendant in March 2000 or July 2001, as neither of those terminations have any relevance to the claims asserted in this case.

Plaintiff's provision of services to defendant as an independent contractor ended in July 2005. Plaintiff was not terminated. Defendant reiterates and incorporates its response to Interrogatory No. 8 into this response. Defendant discontinued the use of plaintiff's services because plaintiff refused to address with defendant's management his supervisors' concerns that plaintiff refused to follow the directions of his supervisors; plaintiff had been reckless and destructive with equipment; and plaintiff had refused to be professional and appropriate in his interactions with his supervisors. Because of plaintiff's deteriorating attitude and increasing overt hostility towards his supervisors, defendant was also concerned that plaintiff might be a physical threat to his supervisors if he was returned to the workplace.

Specifically, defendant was concerned about the following:

Plaintiff was observed damaging the nuclear source storage box when he used it to adjust a fork lift. When plaintiff's supervisor asked him to cease this conduct, plaintiff laughed and refused/failed to stop.

After plaintiff was warned by his supervisor that he needed to spend more time in the shop and less time in the office, plaintiff became belligerent with his supervisors. He manifested hostility towards his supervisors in front of his co-workers, including

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108





Plaintiff's provision of services to defendant as an independent contractor ended in July 2005. Plaintiff was not terminated. Defendant reiterates and incorporates by reference its answers to Interrogatories Nos. 6, 8, 9, and 10 into this response. These answers describe in detail the conversations responsive to this Interrogatory. Additionally, Mr. Laughlin attempted to speak twice with plaintiff about his hostility towards his supervisors, his insubordination, and generally about his work environment. Mr. Laughlin visited with plaintiff in an attempt to determine what was going on with plaintiff, and to determine if he had concerns about his supervisors that needed to be addressed. Plaintiff denied having issues with his supervisors. Even after the first discussion, plaintiff's supervisors reported having issues with plaintiff's attitude and with him refusing to take direction. Mr. Laughlin again called plaintiff in to speak with him, and plaintiff refused to address his attitude or to engage in any discussion regarding how to resolve the situation and find a way forward. During this meeting, plaintiff made a call in the presence of Steve Laughlin and John Burton in which he informed the person on the other end of the line that he was interested in "the job" and that "he would be up there next week." Mr. Laughlin and Mr. Burton assumed that Mr. Bresser had accepted another job or contract position. Mr. Laughlin concluded that if plaintiff was unwilling to discuss or address his attitude and issues with his supervisors, defendant could not continue to utilize plaintiff's services at that time. Mr. Laughlin informed plaintiff of this. These conversations took place in approximately June and July 2005 at defendant's Anchorage offices. In the months leading up to these conversations, plaintiff's supervisors spoke repeatedly to John Burton, Nate Rose, and

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108





Steve Laughlin regarding the difficulties they were having supervising plaintiff; regarding plaintiff's hostile and abusive behavior towards his supervisors and other employees; and his destruction of the nuclear source boxes.

**INTERROGATORY NO. 12:** In this discovery package are requests for admissions. For each request for admission which the defendant denies, please state the factual basis for the denial.

**RESPONSE:** Defendant reiterates and incorporates by reference the answer and objections to Request for Admission No. 1 that were previously served on plaintiff. That answer provides the explanation requested in this Interrogatory.

**INTERROGATORY NO. 13:** Please indicate the approximate cost of a full-time employee, who performs the duties plaintiff had as a contract worker.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that: it is vague and ambiguous; it does not indicate the time period for which information is sought; it seeks information that is neither relevant to the issues in this action, nor reasonably calculated to lead to the discovery of admissible evidence; it is unduly burdensome; it is overbroad and not reasonably tailored to plaintiff's legitimate discovery needs; and it is duplicative and/or cumulative.

Without waiving these objections, an employee working as a Mechanical Technician would currently be paid $13.75/hour and is eligible for a 30% cost of living adjustment on both his base wage and overtime. The exact cost of an employee fluctuates depending upon each employee's elected participation in and contributions to the medical, dental, vision care, vacation, sick days, 401(k), pension, discount stock,

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108





**VERIFICATION**

STATE OF Alaska )
Third Judicial ) ss.
~~COUNTY OF~~ District )

I, Kirk Trujillo, say on oath or affirm that I am the Personnel Manager of Schlumberger Technology Corporation, that I have read the foregoing answers to Interrogatories, and that the information provided is true to the best of my knowledge, information, and belief.

SUBSCRIBED AND SWORN TO OR AFFIRMED before me on Oct. 13, 2006.

KAREN A. RICHARD NOTARY PUBLIC STATE OF ALASKA

Karen A. Richard
Notary Public for Alaska
My commission expires: 11/16/09

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108



