Thomas M. Daniel, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON BRESSER,<br><br>                    Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION, a foreign corporation organized under the laws of Texas, a/k/a SCHLUMBERGER LIMITED,<br><br>                    Defendant. | Case No. 3:05-cv-0246-TMB |

### REPLY TO PLAINTIFF BRESSER'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIMS

Defendant Schlumberger Technology Corporation ("Schlumberger") moved for summary judgment on Plaintiff Jason Bresser's ("Bresser") claims of: (1) breach of the covenant of good faith and fair dealing; (2) defamation; (3) breach of contract; and (4) violation of public policy. In response, Bresser conceded that

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

- 1 -

summary judgment should be granted on his claims for defamation, breach of contract and public policy.[1]

The only claim on which Bresser opposes summary judgment is his allegation that Schlumberger breached the covenant of good faith and fair dealing. The basis of this opposition appears to be: (1) discontinuing Bresser's services was not "fair" because Bresser had previously suggested ways to save Schlumberger money; and (2) there was some connection between Schlumberger's discontinuation of Bresser's services and Bresser's suggestions that Schlumberger could save some money.

Bresser's opposition is insufficient to survive summary judgment. As pointed out in Schlumberger's opening brief, to survive summary judgment Bresser must show that he engaged in a legally protected activity. Bresser admits that his complaints have nothing to do with any activity protected by law. Second, Bresser must show that there is a causal relationship between Bresser's "suggestions" and Schlumberger's decision to discontinue his services. Bresser cannot do so. Not only is there no evidence that Bresser's suggestions influenced Schlumberger's decision to terminate him, but the undisputed evidence shows that the managers who decided to terminate Bresser were not even aware that Bresser had made these suggestions. In short, Bresser has no evidence to establish two of the necessary elements in support of his retaliatory discharge/breach of the

---

[1] *See* Plaintiff Bresser's Opposition to Defendant Schlumberger's Motion for Summary Judgment on Remaining Claims (Bresser Opp.) at 15 ("an order granting Schlumberger partial summary judgment only as to the defamation claim . . . , public policy tort, and the enforceability of promised employment would not be inappropriate.").

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS                                         - 2 -
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

covenant of good faith and fair dealing claims. As such, summary judgment is proper.

I. **BRESSER HAS NOT IDENTIFIED ANY CONDUCT THAT WOULD BE PROTECTED BY THE COVENANT OF GOOD FAITH AND FAIR DEALING.**

Schlumberger moved for summary judgment because Bresser did not engage in any conduct that is protected under the law. Bresser does not dispute that he did not engage in any protected activity. Instead, he argues that the covenant of good faith and fair dealing prohibits more than simply retaliation. However, Bresser then simply argues that Schlumberger retaliated against him. Bresser concludes that such conduct is "unfair" and, therefore, violates the covenant of good faith and fair dealing.

The covenant of good faith and fair dealing is not a general prohibition against "unfairness."[2] *See Era Aviation, Inc. v. Seekins*, 973 P.2d 1137, 1140-41 (Alaska 1999) (declining to adopt a view that the covenant supports a cause of action based on "a disgruntled supervisor's unsupported complaints and misrepresentations"). The covenant is not breached even when one party terminates the contract based on a personality conflict unrelated to contractual performance. *Id.* at 1141-42. "[T]he purpose of the covenant is to effectuate the

---

[2] Bresser also argues that this case is one where "one party fails to refrain from hindering or preventing the occurrence of conditions of his own duty or the performance of the other party's duty." Bresser Opp. at 8. This is not such a case. Bresser has not identified any contractual duty which Schlumberger prevented Bresser from performing. Indeed, Bresser's theory of this case is that, during the time period that Schlumberger and Bresser were in a contractual relationship, Bresser did perform his contractual duties by making suggestions on how Schlumberger could save some money.

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS                    - 3 -
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

reasonable expectations of the parties, not add to them, and 'cannot be interpreted to prohibit what is expressly permitted.'" *Casey v. Semco Energy, Inc.*, 92 P.3d 379, 385 (Alaska 2004). As such, "[t]he covenant of good faith and fair dealing 'will not create a duty where one does not exist.'" *Casey v. Semco Energy, Inc.*, 92 P.3d 379, 385 (Alaska 2004), *citing Lorenz v. CSX Corp.*, 736 F.Supp. 650, 656 (W.D. Pa. 1990).

There is no dispute both Bresser and Schlumberger had a contractual right to terminate their contract at any time or for any reason. Bresser essentially argues that this Court should impose a limitation on this contractual right. The covenant <u>will</u> impose this limitation for "a matter [that] strike[s] at the heart of a citizen's social rights, duties, and responsibilities." *See Luedtke v. Nabors Alaska Drilling, Inc.*, 768 P.2d 1123, 1132 (Alaska 1989). However, in the absence of contractual "terminations on grounds that were found unconstitutional, and firings that violated public policy,"[3] Alaska law <u>will not</u> impose such a limitation. *Lincoln v. Interior Regional Housing Authority*, 30 P.3d 582, 586 (Alaska 2001) (holding that a plaintiff must show he engaged in protected activity as part of his prima facie case in a retaliatory discharge case based on the covenant of good faith and fair dealing).

II. **SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THERE IS NO EVIDENCE OF ANY CAUSAL LINK BETWEEN BRESSER'S SUGGESTIONS AND HIS TERMINATION.**

Bresser's comments to certain Schlumberger managers about how Schlumberger might save some money are not protected activity. However, even if they were, Bresser could not establish the causation element to his claim. In

---

[3] *Seekins*, 973 P.2d 1137 (Alaska 1999).

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS                                            - 4 -
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

order to establish causation, Bresser needs to produce evidence that Schlumberger terminated his services <u>because</u> he had made these suggestions. Bresser has produced no such evidence. Indeed, establishing that Schlumberger terminated his services <u>because</u> he had made cost-saving suggestions is impossible.

The undisputed evidence shows that the only Schlumberger managers who knew that Bresser had made these suggestions did not have any role in the termination. Burton, Culbertson or Laughlin never knew, until after this lawsuit was filed, that Bresser had ever discussed misdiagnosed equipment failures with either Yearwood or Laughlin. See Ex. E (Affidavit of Steve Laughlin), Ex. F (Affidavit of John Burton), Ex. G. (Affidavit of Jeff Culbertson) to Defendant's Motion for Summary Judgment. There was no overlap between the people who knew Bresser had raised issues relating to misdiagnosed equipment failures and the people who believed Bresser's performance and attitude were poor.[4]

---

[4] Bresser also argues that there is some evidence that Culbertson knew that Bresser had a "confidential conversation" (the substance of which was unknown to Culbertson) with someone at Schlumberger management (the person was unknown to Culbertson). However, such limited knowledge on Culbertson's part could not form the basis of a retaliation claim. To the extent that Bresser is arguing that raising cost issues with management is protected activity, he must show that he was terminated <u>because</u> he raised these cost issues. Bresser cannot make this showing if Culbertson did not know that this conversation involved misdiagnosed equipment failures. *See Galdieri-Ambrosini v. National Realty & Development*, 136 F.3d 276, 291 (2nd Cir. 1998) ("implicit in the requirement that the employer had been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII"); *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1008 (7th Cir. 2000) (holding that forceful expressions of general displeasure with salary disparity are not complaints of pregnancy discrimination); *Lapsley v. Columbia University-College of Physicians*, 999 F.Supp. 506 (S.D.N.Y 1998) (plaintiff did not engage in protected activity when

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS                        - 5 -
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

| Schlumberger Managers Who Knew Bresser Had Raised Issues About Misdiagnosed Equipment Failures: | Schlumberger Managers Who Believed That Bresser's Services Should Be Discontinued: |
|---|---|
| John Yearwood<br>Eric Larson | John Burton<br>Jeff Culbertson<br>Steve Laughlin |

Bresser admits that he has no evidence to refute this point. *See* Ex. A to Defendant's Motion for Summary Judgment at p. 111.

Obviously, Bresser could not have been terminated <u>because</u> he raised certain issues when the people who made (or influenced) the termination decision did not know that he raised those issues.[5] It is logically impossible. As pointed out in Schlumberger's Motion for Summary Judgment, courts routinely grant summary judgment on that basis. *See* Docket No. 28 at 20-24 and cases cited therein; *see also*, *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) ("Since, by definition, an employer cannot take

---

she made a complaint to her supervisor because "there was no semblance of [race]-oriented motivation in the events"); *West v. Mt. Sinai Med. Ctr.*, 2002 WL 530984, at *3-4 (S.D.N.Y. April 9, 2002) (plaintiff did not specify that there was anything sexual about her alleged harasser's conduct, thus no reasonable jury could conclude that the employer understood that her complaint implicated Title VII).

[5] Indeed, Bresser admits that Culbertson did not know about his conversation with Larson. After Bresser spoke with Larson, he met with Culbertson and informed him that he "had a confidential conversation with someone [Bresser] would not name." Affidavit of Jason Bresser at ¶ 14. Culbertson wanted to know who Bresser had spoken with and the nature of the conversation. *Id.* By Bresser's own admission, Culbertson did not know about this conversation and became angry when Bresser did not tell him. *Id.* Bresser decided to walk out of the meeting – prompting Culbertson to swear at Bresser as he left. *Id.*

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS                                            - 6 -
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish [causation].").

Bresser's sole basis for opposing summary judgment on this issue is that a jury might speculate that Burton, Culbertson or Laughlin learned that Bresser had made complaints about misdiagnosed equipment failures to other Schlumberger managers. Bresser relies on the fact that he was terminated approximately six weeks after he raised the equipment issues with Yearwood and Larson. Bresser then cites case law stating that the causation element is sometimes met where a plaintiff is able to show close temporal proximity between the protected activity and an adverse employment action. *See* Bresser Opp. at 12-13. However, Bresser's interpretation of the law is incorrect.

All of the cases in which plaintiff is able to defeat summary judgment based on temporal proximity between the protected activity and an adverse employment action are cases where it was undisputed that the relevant decision-maker <u>actually knew</u> the plaintiff had engaged in protected activity. Stated a different way, a plaintiff may sometimes survive summary judgment if the plaintiff establishes: (1) the defendant had knowledge of a protected activity; and (2) there was a brief time period between when the defendant gained this knowledge and the adverse employment action. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (stating that the relevant period regarding timing is the "temporal proximity between an employer's knowledge of protected activity and an adverse employment action").

However, a plaintiff <u>cannot</u> show the defendant had knowledge of a protected activity merely by showing a brief time period between the protected

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS                    - 7 -
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

activity and the adverse employment action. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."); *Willingham v. Gonzales*, 391 F.Supp.2d 52, 61 (D.D.C. 2005) ("To establish causation, however, plaintiff <u>must pair knowledge with proximity.</u>") (emphasis added).

It is nothing more than speculation to assume a defendant's knowledge of a protected activity because there was a short gap between the protected activity and the adverse action.[6] Arguments to the contrary have been uniformly rejected by the courts. *See Hinson v. U.S.D. No. 500*, 187 F.Supp.2d 1297, 1310-11 (D. Kan 2002) (close proximity in time was insufficient to establish causation where plaintiff did not have any evidence that defendant had received and reviewed the plaintiff's written complaint of discrimination); *Brungart v. Bellsouth Telecommunications, Inc.*, 231 F.3d 791, 799-800 (11th Cir. 2000) (holding that "temporal proximity alone is insufficient to create a genuine issue of fact as to causal connection where there is unrebutted evidence that the decision maker did not have knowledge that the employee engaged in protected conduct"); *Mulhall v. Ashcroft*, 287 F.3d 543, 551 (6th Cir. 2002) (temporal proximity between protected activity and adverse action does not establish the decision maker knew of the protected activity); *Walsh v. Wal Mart Stores, Inc.*, 2006 WL 2805630 (3rd

---

[6] Indeed, one of the cases cited by Bresser stands for this very principle. In *Booker v. Fed. Reserve Bank of New York*, 2003 WL 1213148 (S.D.N.Y. 2003), the plaintiff alleged, in part, that he had been transferred in retaliation for a discrimination complaint made earlier that day. The court granted summary judgment because there was nothing to suggest that the decision makers knew of the transfer.

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS                                - 8 -
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Cir. 2006) ("Absent evidence that the decision-maker had knowledge of the protected activity, 'a substantial gap [exists] in any causal chain suggested [even] by temporal proximity.'"); *Moore v. City of Philadelphia*, 461 F.3d 331, 351 (3rd Cir. 2006) ("To the extent that [Plaintiff] relies upon the brevity of the time periods between the protected activity and alleged retaliatory actions to prove causation . . . he will have to show as well that the decision maker had knowledge of the protected activity"). A plaintiff's speculation is insufficient to defeat a motion for summary judgment.

## CONCLUSION

Bresser's allegations that Schlumberger breached the covenant of good faith and fair dealing are not legally supportable. It is inexplicable why Schlumberger would want to terminate Bresser's contract if Bresser had suggested ways in which Schlumberger might cut costs.

Bresser's allegation that Schlumberger terminated him because he had suggested ways to save Schlumberger money is inexplicable. Apart from the fact that it would not be in Schlumberger's best interest to do so, the Schlumberger managers who decided to terminate Bresser's contract did not even know that Bresser had made these suggestions. In any event, making such suggestions is not protected under the law and cannot give rise to a retaliatory discharge claim. For these reasons, Schlumberger's motion for summary judgment should be granted.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS                                 - 9 -
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

DATED: January 18, 2007.

          **PERKINS COIE LLP**
          Attorneys for Defendant
          Schlumberger Technology Corporation, a foreign corporation organized under the laws of Texas, a/k/a/ Schlumberger Limited

By: s/Thomas M. Daniel
    Thomas M. Daniel, Alaska Bar No. 8601003
    Alaska Bar No. 8601003
    1029 West Third Ave., Suite 300
    Anchorage, Alaska 99501
    Phone: 907/279-8561
    Fax: 907-276-3108
    TDaniel@perkinscoie.com

I hereby certify that I have served by mail/fax/hand a true and correct copy of the foregoing on Joe P. Josephson, this 18th day of January, 2007.
s/Thomas M. Daniel

REPLY TO OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT ON
REMAINING CLAIMS           - 10 -
BRESSER v. SCHLUMBERGER
3:05-CV-0246-TMB
33454-0002/LEGAL12050689.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108