IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON BRESSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| SCHLUMBERGER TECHNOLOGY ) | |
| CORPORATION, a foreign ) | |
| corporation organized ) | |
| under the laws of Texas, ) | Case No. A05-0246 CV |
| a/k/a SCHLUMBERGER ) | |
| LIMITED, ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT OF JASON BRESSER

UNITED STATES OF AMERICA )
                         ) SS.
STATE OF ALASKA          )

JASON BRESSER, being first duly sworn upon his oath, deposes and says:

1. I am the plaintiff in this action.

2. When I returned to Schlumberger in January, 2002, after prior periods when I worked as an employee, I was an independent contractor.

3. On at least two occasions, my supervisor, Jeff Culbertson, stated that I could be an employee again. On both occasions, my response was that I needed an employment package worth $25 to $27 per hour. I never expected and never requested an hourly compensation of $25 to $27, because I recognized that

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)  (907) 276-0155 (Fax)

employees receive holiday and vacation pay, medical benefits, as well as participation in a 401(k) program, none of which was available to me as an independent contractor.

4. The defendant's Motion for Summary Judgment errs in stating that Jeff Culbertson was Joey LeBlanc's replacement.

5. Another error is the assertion that "Sometime after March 2005, Bresser called Culbertson a liar in the open shop." I deny that I ever did so.

6. At page 6, the defendant's Motion is correct in saying that Culbertson spoke to me about documentation, but the facts were otherwise than represented by the defendant at that page. First, the defendant implies that I had built a tool "that had failed." The tool that failed was a $9_{5/8}$ motor which I did not build. Second, although Mr. Culbertson claimed that there was no build sheet, there was one.

7. I believe that the defendant is correct at page 6 in stating that Culbertson reported to Mr. Laughlin and Mr. Burton that he was having "issues" with me. My belief is based upon the fact that Mr. Laughlin and Mr. Burton met with me on July 14, 2006 and wanted to talk about my relationship with Mr. Culbertson.

8. Mr. Laughlin maintains that he, on behalf of Schlumberger, "discontinued the use of plaintiff's services

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

Affidavit of Jason Bresser, p. 2

because Bresser refused to discuss with Laughlin the issues raised by Culbertson". (See defendant's Exhibit C, defendant's Responses to Plaintiff's First Discovery Requests at page 10, cited at page 10 of defendant's Motion for Summary Judgment).

9. I did not refuse to discuss my alleged failure to follow the direction of supervisors, my alleged "recklessness with the forklift and the nuclear source box" and my alleged "rude and inappropriate treatment of. . . supervisors." On the contrary, I suggested and requested that the conversation be expanded to include Mr. Culbertson as well, either in person or by telephone, so that the truth would come out and so that Mr. Laughlin and Mr. Burton could get both individuals' points of view concurrently. In addition, I pointed out that Mr. Ross Brown, a co-worker, was in Anchorage, and in fact in the Schlumberger building, and could verify that I had received foul language verbal abuse from Culbertson. Mr. Burton and Mr. Laughlin declined to call in Mr. Brown.

10. Mr. Burton and Mr. Laughlin refused to contact Mr. Culbertson. They appeared to assume that Mr. Culbertson's version of events was true.

11. When I talked with Mr. Yearwood, I asked him to keep our discussion confidential. As the defendant would have it, Mr. Yearwood, nevertheless, had Eric Larson, the head of

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)  (907) 276-0155 (Fax)

Affidavit of Jason Bresser, p. 3

Schlumberger's Alaska operations, follow up with me by contacting me on the Slope. See Defendant's Motion at 7.

I spoke with Eric Larson on May 13, 2006, in Anchorage, after he contacted me on or about May 6.

12. Mr. Larson's affidavit expresses disagreement with my testimony about our conversation. My understanding is that this disagreement creates an issue of fact, since his sworn version of the conversation is different from my sworn testimony at pages 81-83 and 93. Mr. Larson goes on to swear that he did not inform Mr. Burton, Mr. Laughlin or Mr. Culbertson about his conversation with me. Thus, Schlumberger's position is that I spoke to Mr. Yearwood, who then had Mr. Larson speak with me, but that no part of my conversations with either of these men went lower than their level.

13. However, when Mr. Culbertson swore at me, it was only about two weeks after my conversations with Mr. Yearwood and Mr. Larson, and it occurred on the first working shift when we were on the Slope together following those conversations. Furthermore, Culbertson had never sworn at me before.

14. In the motor shop office, Mr. Culbertson kept interrogating me angrily, e.g., "What's going on? What's going on?". I said that I had had a confidential conversation with someone I would not name, who told me to return to work and do my job. Mr. Culbertson kept pressing the issue, wanting to know who

Affidavit of Jason Bresser, page 4

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)  (907) 276-0155 (Fax)

I talked to and what it was about, and became more hostile. I walked out of the office into the shop. This conversation was right after he had received an e-mail from Eric Larson directing him to sign me up for a class for potential managers. Mr. Culbertson appeared very angry. As I left the office, where I worked, he blurted out, telling me to "go f*** myself" and that I was a "m*****f******". He signed me up for the class, which I attended along with him and Mr. Guy Sanchez.

15. On the next working week "hitch", the employee who was in charge of power sources came to me, because he had to leave the site due to his mother-in-law's heart attack. Because I was the loader operator, and at his request, I grabbed the source and source box with the loader to bring them into the shop. As I was backing out to adjust the forks to grab the box, he told me to hurry up. So I set the forks over the paperwork cannister, and adjusted the forks. The cannister was atop the source box. I adjusted the forks and brought the box in. There was no damage done to the cannister. I also did not damage the source box. Shortly thereafter, Mr. Culbertson told me that if I ever adjusted a fork on a source box again, I would be terminated. I said "o.k."

16. I did not decline to discuss the incident with Mr. Burton and Mr. Laughlin. I explained the facts recited in this paragraph. Therefore, this reason for ending my contract, i.e.

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

Affidavit of Jason Bresser, page 5

that I "recklessly" damaged a nuclear power source with a forklift was untrue.

17. Not only did I disclose these facts to Mr. Burton and Mr. Laughlin, I also told them that there was a witness who could confirm what actually occurred.

18. During the meeting with Mr. Burton and Mr. Laughlin, I was presented with a letter stating that I was suspended until further notice. I told them I needed to make to know how long the suspension would be, because if it was to be for any length of time, I needed to make arrangements for work, because I had bills to pay just like everybody else. They told me that the suspension could be indefinite. After that, I called my dad and said I would be available for work because Schlumberger didn't want to do business with me.

29. I have read the assertion, at page 10 of the motion for summary judgment that states that I failed to follow the directions of my supervisors. I have no knowledge and no memory of any instance in which I failed to follow directions. I believe that no instance of such alleged failure to follow directions is cited in the Motion for Summary Judgment.

30. At the time of the related events, I intended to make a career with Schlumberger. Alaska's reliability for company motors, within Schlumberger's worldwide operations, was rated "number one" globally. I was proud of that.

Affidavit of Jason Bresser, page 6

JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)  (907) 276-0155 (Fax)

31. I consider that I have forever lost my career opportunity with Schlumberger because of falsehoods told about me by its agent, Mr. Culbertson. These falsehoods were that I was reckless with equipment, failed to follow his directions, and acted rudely and inappropriately towards him. I consider that these falsehoods were not made in good faith, given the circumstances, the true nature of the events, his abusiveness towards me (rather than the other way around), his anger that I had talked confidentially with Schlumberger management (without identifying to him the name of the person with whom I had talked). Compounding all of this was the false statement that I had "quit", which even by itself would discourage any Schlumberger manager from hiring me.

DATED January 3, 2007, at Anchorage, Alaska.

Jason Bresser

SUBSCRIBED and sworn to before me, a Notary Public in and for Alaska, this 3d day of January, 2007.

My commission expires: 6/20/09



JOSEPHSON & ASSOCIATES, P.C.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

Affidavit of Jason Bresser, page 7